1

2                        UNITED STATES DISTRICT COURT

3                      NORTHERN DISTRICT OF CALIFORNIA

4

5    DAVID STANLEY ALLRED,                    No. C 15-2260 MEJ (PR)

6              Plaintiff,                      **ORDER OF DISMISSAL WITH**
                                              **LEAVE TO AMEND**
7       v.

8    CTF SOLEDAD DEPARTMENT OF
     CORRECTIONS,
9
               Defendants.
10   _____/

11
                                **INTRODUCTION**
12
           Plaintiff, a California state prisoner currently incarcerated at the Correctional Training
13
     Facility in Soledad, California and proceeding *pro se*, filed this civil rights action pursuant to
14
     42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* in a separate
15
     order.  Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed
16
     with leave to amend.
17
                                 **DISCUSSION**
18   **A.    Standard of Review**

19         Federal courts must engage in a preliminary screening of cases in which prisoners

20   seek redress from a governmental entity or officer or employee of a governmental entity.  28

21   U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

22   any claims which are frivolous, malicious, fail to state a claim upon which relief may be

23   granted, or seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  Balistreri v.

25   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

26         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

27   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

United States District Court
For the Northern District of California

upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).   A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that in late August and early September of 2013, plaintiff's cellmate informed staff at CTF that he was going to harm someone to avoid being transferred to another prison.  Just a few months earlier, plaintiff's cellmate had been moved to Administrative Segregation after stabbing another inmate.  Despite this prior violent history, CTF staff did nothing in response to the cellmate's new threats.  As a result, on or around September 9, 2013, plaintiff's cellmate attacked plaintiff with a razor.  Plaintiff had to receive 14 stitches for his injuries.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994).  This includes prison officials' duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  However, the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at a prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively,

United States District Court
For the Northern District of California

2

deliberately indifferent to the inmate's safety.  Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

A prison official cannot be held liable under the Eighth Amendment for failing to guarantee the safety of a prisoner unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety.  See Farmer, 511 U.S. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  See id.

Deliberate indifference describes a more blameworthy state of mind than negligence. See Farmer, 511 U.S. at 835 (citing Estelle, 429 U.S. at 104).  Negligence, and even gross negligence, are not enough to amount to an Eighth Amendment violation.  Farmer, 511 U.S. at 835.  Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk.  Id. at 836.

Plaintiff will be afforded an opportunity to amend to name individual defendants and link them to his allegations of deliberate indifference to his safety.  Plaintiff currently only names "CTF Soledad Department of Corrections" as a defendant in the caption of his complaint.  He must name the individual CTF staff members who were deliberately indifferent to his safety and allege how each of them actually and proximately caused the deprivation of his federal rights of which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff is advised that a prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1.      Plaintiff's complaint is DISMISSED with leave to amend.

2.      Within **twenty-eight (28)** days from the date of this order, plaintiff must file an amended complaint to cure the deficiencies noted above, if he truthfully can do so.  Plaintiff

**United States District Court**
For the Northern District of California

shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 15-2260 MEJ (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaint by reference.

4.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.      The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

        IT IS SO ORDERED.

DATED: _____     _____
                                            Maria-Elena James
                                            United States Magistrate Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4