**United States District Court**
For the Northern District of California

1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5  DAVID STANLEY ALLRED,                    No. C 15-2260 MEJ (PR)

6          Plaintiff,                       **ORDER OF DISMISSAL WITH**
                                            **LEAVE TO AMEND**
7     v.

8  CTF SOLEDAD DEPARTMENT OF
   CORRECTIONS,
9
           Defendants.
10 _____/

11                     **INTRODUCTION**

12         Plaintiff, a California state prisoner currently incarcerated at the Correctional Training

13 Facility in Soledad, California and proceeding *pro se*, filed this civil rights action pursuant to

14 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* in a separate

15 order.  Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed

16 with leave to amend.

17                     **DISCUSSION**

18 **A.    Standard of Review**

19         Federal courts must engage in a preliminary screening of cases in which prisoners

20 seek redress from a governmental entity or officer or employee of a governmental entity.  28

21 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

22 any claims which are frivolous, malicious, fail to state a claim upon which relief may be

23 granted, or seek monetary relief from a defendant who is immune from such relief.  28

24 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  Balistreri v.

25 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

26         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

27 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28 statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

**United States District Court**
For the Northern District of California

1  upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

2  Although in order to state a claim a complaint "does not need detailed factual allegations, . . .

3  a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more

4  than labels and conclusions, and a formulaic recitation of the elements of a cause of action

5  will not do. . . .   Factual allegations must be enough to raise a right to relief above the

6  speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations

7  omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible

8  on its face." <u>Id.</u> at 570.

9         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

10  elements: (1) that a right secured by the Constitution or laws of the United States was

11  violated, and (2) that the alleged deprivation was committed by a person acting under the

12  color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

13  **B.     Legal Claims**

14         Plaintiff alleges that in late August and early September of 2013, plaintiff's cellmate

15  informed staff at CTF that he was going to harm someone to avoid being transferred to

16  another prison.  Just a few months earlier, plaintiff's cellmate had been moved to

17  Administrative Segregation after stabbing another inmate.  Despite this prior violent history,

18  CTF staff did nothing in response to the cellmate's new threats.  As a result, on or around

19  September 9, 2013, plaintiff's cellmate attacked plaintiff with a razor.  Plaintiff had to

20  receive 14 stitches for his injuries.

21         The Eighth Amendment requires that prison officials take reasonable measures to

22  guarantee the safety of prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  This

23  includes prison officials' duty to protect prisoners from violence at the hands of other

24  prisoners. <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005); <u>Gillespie v.</u>

25  <u>Civiletti</u>, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  However, the failure of prison officials to

26  protect inmates from attacks by other inmates or from dangerous conditions at a prison

27  violates the Eighth Amendment only when two requirements are met: (1) the deprivation

28  alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively,

United States District Court
For the Northern District of California

1  deliberately indifferent to the inmate's safety.  Farmer, 511 U.S. at 834; Hearns, 413 F.3d at

2  1040-41.

3        A prison official cannot be held liable under the Eighth Amendment for failing to

4  guarantee the safety of a prisoner unless the standard for criminal recklessness is met, i.e., the

5  official knows of and disregards an excessive risk to inmate health or safety.  See Farmer,

6  511 U.S. at 837.  The official must both be aware of facts from which the inference could be

7  drawn that a substantial risk of serious harm exists, and he must also draw the inference.  See

8  id.

9        Deliberate indifference describes a more blameworthy state of mind than negligence.

10  See Farmer, 511 U.S. at 835 (citing Estelle, 429 U.S. at 104).  Negligence, and even gross

11  negligence, are not enough to amount to an Eighth Amendment violation.  Farmer, 511 U.S.

12  at 835.  Deliberate indifference is not shown by merely stating that a defendant should have

13  known of a risk, but requires an actual perception of a risk that does not exist merely because

14  a reasonable person should have perceived a risk.  Id. at 836.

15        Plaintiff will be afforded an opportunity to amend to name individual defendants and

16  link them to his allegations of deliberate indifference to his safety.  Plaintiff currently only

17  names "CTF Soledad Department of Corrections" as a defendant in the caption of his

18  complaint.  He must name the individual CTF staff members who were deliberately

19  indifferent to his safety and allege how each of them actually and proximately caused the

20  deprivation of his federal rights of which he complains.  See Leer v. Murphy, 844 F.2d 628,

21  634 (9th Cir. 1988).  Plaintiff is advised that a prison official cannot be liable for damages

22  under § 1983 simply because he is responsible for the actions or omissions of another.  See

23  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

24

25     For the foregoing reasons, the Court hereby orders as follows:

26     1.    Plaintiff's complaint is DISMISSED with leave to amend.

27     2.    Within **twenty-eight (28)** days from the date of this order, plaintiff must file an

28  amended complaint to cure the deficiencies noted above, if he truthfully can do so.  Plaintiff

3

**United States District Court**
For the Northern District of California

1  shall use the court's civil rights complaint form, a copy of which is provided herewith, and

2  include in the caption both the case number of this action, No. C 15-2260 MEJ (PR), and the

3  heading "AMENDED COMPLAINT."  **Failure to file the amended complaint by the**

4  **deadline will result in the dismissal of the action.**

5      3.      Plaintiff is advised that an amended complaint supersedes the original

6  complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which

7  are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811,

8  814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaint by

9  reference.

10      4.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

11  Court informed of any change of address by filing a separate paper with the Clerk headed

12  "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.

13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

14  Federal Rule of Civil Procedure 41(b).

15      5.      The Clerk shall send plaintiff a blank civil rights form along with his copy of

16  this order.

17

18      IT IS SO ORDERED.

19  DATED:  _____September 10, 2015_____    _____

20                                              Maria-Elena James
                                                United States Magistrate Judge
21

22

23

24

25

26

27

28

4